**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| CARLOS GARCIA-BELTRAN, an individual, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, | ) ) ) ) | Case No. 3:19-50060 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TOMMY'S REDHOTS, INC., an Illinois corporation, TOMMY'S/LAKE IN THE HILLS, LTD., an Illinois corporation, and THOMAS GREICO, an individual, | ) ) ) ) ) | |
| Defendants. | ) | |

**COLLECTIVE ACTION COMPLAINT**

The Plaintiff, Carlos Garcia-Beltran ("Plaintiff" or "Garcia-Beltran"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Tommy's Redhots, Inc., Tommy's/Lake In The Hills, Ltd., and Thomas Greico, (collectively "Defendants"), as follows:

**NATURE OF THE SUIT**

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq*., for Defendants' failure to pay Plaintiff, and other similarly situated employees, an overtime premium when they worked more than forty hours in individual workweeks. Plaintiff and other similarly situated employees are current and former cooks, food preparers and other kitchen staff employees of Defendants' Tommy's Redhots restaurants.

1

2.      Plaintiff brings this case as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party in this collective action is attached as Exhibit A. (See Exh. A).

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5.      Plaintiff Garcia-Beltran is a former employee of the Defendants' Tommy's Redhots restaurant located at 500 S. Eastwood Drive in Woodstock, Illinois. ("Tommy's Redhots"). Plaintiff worked as a cook and food preparer at Defendants' restaurant from approximately from May, 2016 through March 1, 2019.

6.      During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, which moved in interstate commerce prior to being used or purchased in Illinois.

7.      Plaintiff resides in and is domiciled in this judicial district.

8.      Defendant, Tommy's Redhots, Inc. is an Illinois corporation that owns and operates the Tommy's Redhots restaurant in Woodstock, Illinois and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

9.      The president and registered agent for Defendant, Tommy's Redhots, Inc., are located within this judicial district.

10.     Defendant, Tommy's/Lake In The Hills, Ltd., is an Illinois corporation that also operates the Tommy's Redhots restaurant in Woodstock, Illinois, as well as a Tommy's Redhots restaurant located in Lake in the Hills, Illinois, and is engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

11.     The president and registered agent for Defendant, Tommy's/Lake In The Hills, Ltd., are located within this judicial district.

12.     Upon information and belief, Defendants have earned more than $500,000 in annual gross revenue during 2016, 2017 and 2018.

13.     During the last three years before the filing of this lawsuit, two or more employees of Defendants have handled, sold or otherwise worked on goods or material, including, but not limited to, food, food products and beverages, that were transported or produced out of state.

14.     Defendant, Thomas Greico ("Greico"), is the president and owner of Defendants, Tommy's Redhots, Inc. and Tommy's/Lake In The Hills, Ltd., the operating entities of the Tommy's Redhots restaurant in Woodstock, Illinois.

15.     At all times relevant to this action, Defendant Greico possessed extensive oversight over the Tommy's Redhots restaurant and business operations. Defendant Greico was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; he supervised and controlled employee work schedules or conditions of employment; he determined rate and method of payment; and, he maintained employment records.

16.     Upon information and belief, Defendant Greico resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

17.     During the period from May, 2016 to January 13, 2019, Plaintiff Garcia-Beltran

regularly worked six (6) days per week at Defendants' Tommy's Redhots restaurant in

Woodstock, Illinois. On Monday, Tuesday and Friday, Plaintiff typically worked from 9:00 a.m.

to 10:00 or 10:30 p.m. On these days, Plaintiff usually took a thirty (30) minute lunch break

during his shift. On Wednesday, Thursday and Saturday, Plaintiff typically worked from 9:00

a.m. to 3:00 p.m. On these days, Plaintiff did not take any break.

18.     Based on his work schedule, Plaintiff Garcia-Beltran regularly worked

approximately fifty-six (56) hours in individual workweeks for the Defendants from May, 2016

through mid-January, 2019.

19.     Defendants paid Plaintiff on an hourly basis at the rate of $13.00 per hour during

his entire tenure with Defendants.

20.     Defendants did not compensate Plaintiff, and other non-exempt cooks, food

preparers and kitchen staff employees, at one and one-half times their regular hourly rates of pay

for hours worked in excess of forty (40) in individual work weeks.

21.     Except for a certain limited number of hours, Defendants never paid Plaintiff an

overtime premium when he worked more than forty (40) hours in a workweek.

22.     In order to conceal their failure to pay overtime compensation, Defendants paid

Plaintiff by payroll check for the hours he worked on Monday, Tuesday and Friday, or

approximately thirty (30) to forty (40) hours per week. Defendants then paid Plaintiff for the

remainder of his hours worked, including his hours worked on Wednesday, Thursday and

Saturday, in unreported cash.

23.     Defendants typically paid Plaintiff's overtime compensable hours in cash at his

straight-time rate of pay.

24. In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

25. Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4 and 820 ILCS § 105/9.

**COLLECTIVE ACTION ALLEGATIONS**

26. Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated current and former cooks, food preparers and kitchen staff employees that worked for Defendants during the last three years before the filing of this suit.

27. During the last three years before the filing of this suit, Plaintiff, and all other similarly situated current and former cooks, food preparers and kitchen staff employees, have had substantially similar job descriptions, job requirements and pay rates.

28. Plaintiff and other similarly situated current and former cooks, food preparers and kitchen staff employees worked more than forty (40) hours in individual workweeks and received no overtime premium for hours worked in excess of 40 in a workweek.

29. Plaintiff, and the other similarly situated cooks, food preparers and kitchen staff employees, were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay overtime compensation to cooks, food preparers and kitchen staff employees when they worked in excess of forty (40) hours in an individual workweek.

30.     During the last three years before the filing of this suit, Defendants had a common policy and practice of paying cooks, food preparers and kitchen staff employees at their straight-time rates of pay for all hours worked.

31.     Defendants regularly failed to pay Plaintiff, and other similarly situated cooks, food preparers and kitchen staff employees an overtime premium at one and one-half times their regular hourly rates of pay, when they worked more than forty (40) hours in an individual work week.

32.     Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provision.

33.     Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

34.     There are numerous similarly situated current and former cooks, food preparers and kitchen staff employees who worked for Defendants' restaurants and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

35.     The similarly situated current and former cooks, food preparers and kitchen staff employees are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

36.     Plaintiff hereby incorporates paragraphs 1 through 35 as though stated herein.

37.     Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

38.     Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

39.     During the course of Plaintiff's employment, Defendants employed other cooks, food preparers and kitchen staff employees who were similarly not exempt from the overtime provisions of the FLSA.

40.     Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

41.     Defendants, Tommy's Redhots, Inc. and Tommy's/Lake In The Hills, Ltd., were each an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a). Defendants further constitute a single enterprise under the FLSA.

42.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and the other non-exempt cooks, food preparers and kitchen staff employees worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

43.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the FLSA, 29 U.S.C. § 207.

44.     Defendants' violation of the FLSA by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants regularly failed to pay overtime compensation even though Plaintiff and other kitchen staff employees were scheduled to work and did work more than forty (40) hours in a workweek. In an attempt to conceal their overtime violations, Defendants instituted an illegal dual-pay scheme in which Plaintiff, and other kitchen staff employees, were paid for only a portion of their work hours by payroll check, typically 40 hours

or less per week, and paid the remainder of their hours including overtime compensable hours

"under the table" in cash at their straight-time rates of pay. Upon information and belief,

Defendants' cash wage payments were not reported to federal and state tax and revenue

departmental agencies. Additionally, Defendants violated the Act's recordkeeping regulations

and posting requirements.

**WHEREFORE**, the Plaintiff, Carlos Garcia-Beltran, on behalf of himself and all other

Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants,

Tommy's Redhots, Inc., Tommy's/Lake In The Hills, Ltd. and Thomas Greico, as follows:

A.      Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

45.      Plaintiff hereby incorporates paragraphs 1 through 25 as though stated herein.

46.      Throughout his employment with Defendants, Plaintiff was an "employee" under

the IMWL, 820 ILCS § 105/3(d).

47.      Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820

ILCS § 105/1 *et seq*.

48.      Throughout Plaintiff's employment, Defendants were each an "employer" as

defined in the IMWL, 820 ILCS § 105/3(c).

49.     Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

50.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Carlos Garcia-Beltran, prays for a judgment against Defendants, Tommy's Redhots, Inc., Tommy's/Lake In The Hills, Ltd. and Thomas Greico, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.     Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

Dated: March 4, 2019                                    Respectfully submitted,

                                                        Carlos Garcia-Beltran,
                                                        on behalf of himself and all other Plaintiffs
                                                        similarly situated, known and known,
                                                        Plaintiff,


                                                        /s/ Timothy M. Nolan
                                                        _____
                                                        Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com