IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Carlos Garcia-Beltran, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 19 CV 50060 |
| v. | ) | |
| | ) | Magistrate Judge Lisa A. Jensen |
| Tommy's Redhots, Inc., *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

## ORDER

The Court finds that the parties' settlement agreement and release represents a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. Pursuant to the parties' stipulation of dismissal, Dkt. 40, this action is dismissed initially without prejudice, with the Court retaining jurisdiction for the limited purpose of enforcing the terms of the settlement agreement, if necessary. Absent a motion brought on or before July 24, 2020 to enforce the settlement agreement or for an extension of time, the dismissal without prejudice shall automatically convert to a dismissal with prejudice. Civil case terminated.

## STATEMENT

On March 4, 2019, Plaintiff Carlos Garcia-Beltran filed his collective action complaint alleging Defendants Tommy's Redhots, Inc. and Tommy's Lake in the Hills, Ltd., which own and operate the Tommy's Red Hots restaurants, and Thomas Greico, the president and owner, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq*., by failing to pay overtime wages.[1] Defendants deny liability or any violation of the FLSA or IMWL.

The parties conducted discovery pursuant to this Court's scheduling orders. Dkts. 24, 27, 36. Since the initial status hearing, the parties have updated the Court on the status of ongoing settlement negotiations. On April 15, 2020, the parties filed a stipulation of dismissal. Given that the parties were seeking dismissal without prejudice for a period to allow for enforcement of their

---

[1] Although Plaintiff plead collective action allegations under 29 U.S.C. § 216(b) of the FLSA, no other plaintiffs joined this action.

settlement agreement, this Court ordered the parties to seek approval of that agreement. On April 29, 2020, the parties filed their settlement agreement and a memorandum supporting court approval of that agreement.[2]

The Court must determine whether the FLSA settlement "represents a fair and reasonable resolution of a bona fide dispute." *Salcedo v. D'Arcy Buick GMC, Inc.*, 227 F. Supp. 3d 960, 961 (N.D. Ill. 2016); *see also Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("Courts . . . have refused to enforce wholly private settlements [of FLSA claims]."). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 15 CV 10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016).

The Court has reviewed the parties' settlement agreement and release and the information provided in the parties' memorandum in support. The Court finds that there is a bona fide dispute with respect to Plaintiff's claims for unpaid overtime wages under the FLSA and IMWL. Plaintiff alleges he was not paid overtime wages. Defendants dispute the number of hours worked and that overtime was not paid, and also assert affirmative defenses. The Court also finds that the settlement amount is fair and reasonable given the legal dispute between the parties and the inherent risks of litigation. The agreement was the result of discovery and extensive negotiations. The parties are represented by counsel, who have negotiated in good faith at arm's length. The Court also finds that payment to Plaintiff's counsel for attorney fees and costs is reasonable.

Therefore, the Court approves the settlement agreement and release. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation."). Pursuant to the parties' stipulation of dismissal, Dkt. 40, this action is dismissed initially without prejudice, with the Court retaining jurisdiction for the limited purpose of enforcing the terms of the settlement agreement, if necessary. Absent a motion brought on or before July 24, 2020 to enforce the settlement agreement or for an extension of time, the dismissal without prejudice shall automatically convert to a dismissal with prejudice.

Date: May 1, 2020　　　　　　　By:　*Lisa A. Jensen*
　　　　　　　　　　　　　　　　　　Lisa A. Jensen
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c).

2